# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | No. 3:00-00094 |
|  | ) |  |
| MICHAEL HODGE | ) |  |

## ORDER

Pending before the Court are two motions filed by Defendant Michael Hodge. In the first, (Docket No. 184), Defendant "requests the court to reconsider the sentence given him" because he has a "terminal illness" for which he claims the Bureau of Prison ("BOP"), in May 2013, gave him a life expectancy of 1-3 years. In the second, (Docket No. 208), Defendant reiterates that he is "gravelly ill," and asks the Court to set a "modification hearing" in accordance with Rule 35 of the Federal Rules of Criminal Procedure. Both motions also request the appointment of counsel.

After Defendant pled guilty to Counts 1, 4 and 7 of the Indictment, Judge Echols sentenced him to a concurrent sentence of 180 months on Counts 1 and 7, and a consecutive sentence of 60 months on Count 4, for an effective sentence of 240 months. The sentence was imposed on March 19, 2003, and is final.

"Normally, federal courts cannot disturb or recalculate a prisoner's sentence once it is finally imposed[.]" United States v. Blewett, 746 F.3d 647, 665 (6th Cir. 2013). However, there are limited exceptions to this rule found in 18 U.S.C. § 3582(c). Specifically, a court may reduce a sentence "(1) where the BOP has filed a motion, and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term

1

of imprisonment based on a sentencing range that was later lowered by the United States Sentencing Commission and certain other requirements are met, see id. § 3582(c)(2)." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010); see also United States v. Lawrence, 535 F.3d 631, 637 (7th Cir. 2008) (identifying same statutory factors). "'Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request.'" United States v. Williams, 607 F.3d 1123, 1125 (6th Cir. 2010) (quoting United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997)).

None of the exceptions to the finality rule apply in this case. Defendant's sole basis for release is his medical condition. "But under § 3582(c)(1)(A), a court cannot reduce a prisoner's sentence except 'upon [the] motion of the Director of the [BOP]' and a finding that 'extraordinary and compelling reasons warrant' a reduction." Cruz-Pagan v. Warden, FCC Coleman-Low, 486 F. App'x 77, 78-79 (11th Cir. 2012) (quoting 18 U.S.C. § 3582(c)(1)(A)). "The plain meaning of this section requires a motion by the Director as a condition precedent to the district court before it can reduce a term of imprisonment." Id. No such motion has been filed by the BOP in this case.

Further, Defendant is not entitled to a "modification hearing" under Rule 35. That Rule allows for a correction or modification "[w]ithin 14 days after sentencing" to "correct a sentence that resulted from arithmetical, technical, or other clear error," or where the government moves for a reduction in sentence based upon substantial assistance, neither of which applies in this case.

Accordingly, Defendant's Motions (Docket Nos. 184 & 208) are hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE